# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GARY SCARBROUGH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:19-cv-00706-AMM |
| | ) |
| **BP EXPLORATION &** | ) |
| **PRODUCTION, INC., and** | ) |
| **BP AMERICA PRODUCTION** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case is before the court on BP Exploration & Production, Inc.'s and BP America Production Company's (collectively, "BP") unopposed motion for summary judgment. Doc. 27. For the reasons explained below, the motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Gary Scarbrough's amended complaint alleges that he suffered injuries from exposure to crude oil, dispersants, and other harmful chemicals while performing clean-up work following the Deepwater Horizon Rig oil spill in April 2010. Doc. 9. Mr. Scarbrough alleges that he was employed by Miller Environmental Group from approximately May 2010 to July 2010 to perform shoreline clean-up

and boom decontamination. Doc. 9, ¶¶ 23, 25. Mr. Scarbrough further alleges that he was exposed to oil, dispersants, and other harmful chemicals through inhalation, by airborne and direct contact, and "when his eyes, nose, mouth, and skin were exposed by the lack of proper protective gear." Doc. 9, ¶¶ 25, 26. Mr. Scarbrough claims that this exposure caused him to suffer permanent injuries, including Follicular Dendritic Cell Sarcoma, which was first diagnosed on April 20, 2018. Doc. 9, ¶¶ 27, 31.

The "Medical Benefits Class Action Settlement Agreement" (the "Settlement Agreement"), approved by the United States District Court for the Eastern District of Louisiana on January 11, 2013, governs claims arising from clean-up efforts after the Deepwater Horizon Rig oil spill. Doc. 28, ¶ 2; Doc. 29-1. The Settlement Agreement defines the settlement class as "all Natural Persons who resided in the United States as of April 16, 2012, and who … [w]orked as Clean-Up Workers at any time between April 20, 2010, and April 16, 2012." Doc. 29-1, § I.A.1. It is undisputed that Mr. Scarbrough is a member of the settlement class. *See* Doc. 28, ¶ 4.

The Settlement Agreement provides class members with a "Back-End Litigation Option" (BELO) for class members who claim a "Later-Manifested Physical Condition," which the Settlement Agreement defines as "a physical condition that is first diagnosed … after April 16, 2012, and which is claimed to

2

have resulted from … exposure to oil, other hydrocarbons, or other substances … and/or exposure to dispersants and/or decontaminants used in connection with the Response Activities, where such exposure occurred … on or prior to April 16, 2012, for Clean-Up Workers." Doc. 28, ¶ 3; Doc. 29-1, §§ II.VV, IV.C. Mr. Scarbrough chose this option to file his lawsuit against BP, Doc. 9, ¶ 3, and he claims his injuries fall under this definition. Doc. 9, ¶¶ 27, 31; Doc. 28, ¶ 4. For BELO lawsuits alleging Later-Manifested Physical Conditions, the Settlement Agreement provides a list of issues that may and may not be litigated. Doc. 28, ¶¶ 5-6; Doc. 29-1, § VIII.G.3. Among other things, the Settlement Agreement permits the parties to litigate whether the alleged Later-Manifested Physical Condition "was legally caused by his or her exposure to oil, other hydrocarbons, and other substances … and/or dispersants and/or decontaminants used in connection with the Response Activities," as well as "[w]ether there exist any alternative causes for the … alleged Later-Manifested Physical Condition." Doc. 28, ¶ 6(d–e); Doc. 29-1, § VIII.G.3.a(iv–v).

Under the court's scheduling order, Mr. Scarbrough's deadline to disclose his expert witnesses and reports was January 30, 2020. Doc. 19; Doc. 28, ¶ 7. Mr. Scarbrough did not disclose his experts by this deadline. Doc. 28, ¶ 8. On January 31, 2020, BP moved for summary judgment on all of Mr. Scarbrough's claims on the ground that Mr. Scarbrough "cannot establish causation with respect to any of his alleged physical injuries as a result of exposure to oil or chemical dispersants

during clean-up activities" because he "has not offered the requisite expert evidence to support his claims against BP." Doc. 28, at 1; Doc. 27.

Before the court's deadline for Mr. Scarbrough to respond to the motion, BP filed a supplement to inform the court that the motion was unopposed. Doc. 32. Mr. Scarbrough did not file an opposition to BP's motion for summary judgment, which opposition was due on or before February 24, 2020. *See* Doc. 31.

## II.   STANDARD OF REVIEW

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There can be "no genuine issue as to any material fact" when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In such a situation, the movant is "entitled to a judgment as a matter of law" and Rule 56 "mandates the entry of summary judgment[.]" *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[.]" *Celotex Corp.*, 477 U.S. at 323. If the movant meets this initial burden, then responsibility "devolves upon the non-movant to show the existence of a genuine issue as to the material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). All reasonable doubts about the facts

4

should be resolved in favor of the nonmovant, and all justifiable inferences should be drawn in the nonmovant's favor. *Id.* at 1115.

Summary judgment must be granted if the nonmoving party has "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1294 (11th Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 323). If a party fails to address another party's assertion of fact, the court may "consider the fact undisputed for purposes of the motion[, or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). The district court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion … [and] review all of the evidentiary materials submitted in support of the motion[.]" *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101–1102 (11th Cir. 2004); *accord Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039–40 (11th Cir. 2004).

### III.  ANALYSIS

To prevail on his claims, Mr. Scarbrough must prove through expert testimony that his exposure to oil, dispersants, and other harmful chemicals caused his alleged injuries. This is because causation is an essential element of Mr. Scarbrough's toxic

tort claim, and the Eleventh Circuit has held that such causation cannot be established without reliable expert testimony. *See Rink*, 400 F.3d at 1295–96 ("Without the expert testimony[,] … proof that [the pesticide] caused the injuries alleged … was lacking. Accordingly, because the [plaintiffs] failed to make a sufficient showing for an element on which they had the burden of proof, the district court properly granted summary judgment[.]"); *accord Townsend v. BP Expl. & Prod., Inc.*, No. 4:16-CV-301, 2017 WL 4236372 (N.D. Ala. Sept. 25, 2017); *Batchelder v. BP Expl. & Prod., Inc.*, No. CA 18-0533-CG-MU-C, 2020 WL 1638450 (S.D. Ala. Feb. 11, 2020); *Jordan v. BP Expl. & Prod., Inc.*, No. CA 19-0280-CG-MU-C, 2020 WL 1639985 (S.D. Ala. Feb. 3, 2020).

Mr. Scarbrough failed to disclose any expert witnesses whose testimony would establish causation. *See* Doc. 27, 28. He also did not file on or before February 24, 2020 a response to BP's motion for summary judgment, *see* Doc. 31, and, according to BP's supplement filing, has agreed not to oppose the motion, *see* Doc. 32. In the absence of expert testimony about causation, Mr. Scarbrough cannot prove an essential element of his toxic tort claim. Accordingly, the court concludes that BP is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, BP Exploration & Production, Inc.'s and BP America Production Company's unopposed motion for summary judgment, Doc. 27,

is **GRANTED**. The court will enter a separate order consistent with this Memorandum Opinion.

    **DONE** and **ORDERED** this 10th day of July, 2020.

                                                                                  _____
                                                                          **ANNA M. MANASCO**
                                                                          UNITED STATES DISTRICT JUDGE